## Case No. 5,130.

In·re FRISBEE.

[4 Law Rep. 483.]

District Court, S. D. New York. Feb., 1842.

BETTS, District Judge. In mere matters of form, where the court has discretionary power, the utmost possible indulgence will be given. But many of the objections to the

regularity of the proceedings are not matters of form, but of substance. They are, that the petitioners have not complied with the demands of the statute, which gives the bankrupt his discharge if he complies with them, but not otherwise. Petitioners come into court, some of whom apparently take a pleasure or pride in evading the law, by adopting what they think a better mode than that pointed out by the statute or the rules of court. But in doing so, they are irregular, for they are strictly bound to conform not only to the statute, but also to the rules as much as the statute, as the rules have been made to carry out in detail the requisites of the statute, and were not framed by the court with a view to its own convenience or that of the parties interested, but adopted under the express directions of congress, and therefore it is not optional with the parties to devise any better mode, if they could do so. And if they attempt it, they must run the hazard of throwing impediments in the way of their clients, and have to begin anew.

The objections in this case are, first, that the property is not properly described. The party should have seen what is required by the act and have complied with it. This is not mere matter of form, but is made by the law a condition that he should do so, and he can no more obtain his discharge without a proper inventory than he could without entering his petition. Counsel must thus see the importance attached to the inventory. By the act, the assignee must have such a description of the property as would fix its location and enable him to identify it.

This schedule is loosely drawn, and sets forth that the bankrupt is entitled to some real estate, one half of certain land, the whole of which is valued at $4000. "An interest in half a lot of ground in Buffalo, which your petitioner intends to assign to the assignee. The present value unknown, but which when purchased was estimated at $4000." This is no description at all. It only says that there is some ground at Buffalo which he had a claim to. The party had nothing to do but turn to the form of the act, which sets forth what was necessary to be done, when describing his real estate. If the ground is described as a lot in a certain part of Pearl street not now occupied, or a farm of land lying in such a state or territory and county, conveyed by such a person to the petitioner, so that the assignee can go and trace it out and see it, it would be then sufficient, but as it now stands, it is not. It is not optional with the parties not to comply with the law. There must be a compliance with it, and the court must insist that the parties shall do all that is required of them.

Another branch of this inventory which is objected to, is that of the household furniture. The petitioner merely says household furniture, but does not say where it is, or whether it is Buffalo, New Jersey, or Connecticut. With respect to this objection, similar objections have been raised in other cases before the court, and the parties are bound to set forth every part of their property, and the location of every part and portion of it, and furniture is not excepted. The law allows the assignee to set apart a certain portion for them, but it must be put in the description for the assignee; although the parties by doing so might subject it to an execution, that does not exempt them. The petitioner does his duty when he describes the property, and if the assignee cannot bring it into the general fund for all the creditors, it is not the bankrupt's fault, he does his duty. It is a matter of regret that delays in the proceedings should thus occur; but a rule having been laid down, it must be observed. In this case, the property is of small amount, but if the court let two or three hundred dollars pass, it might do so in a case which involved thousands. The inventory must, therefore, in all cases, designate the property so that the assignee can find it out, and identify it.

Counsel for the petitioner. Every article of the furniture is set forth in the inventory. The petitioner is now in New York, is it necessary to state the house in which the furniture is?

BETTS, J. I think it is.

Counsel. In regard to the description of the property. He never derived any interest from that property. It was conveyed to him on condition of his paying 8000 dollars, and he never paid it. And there is a penalty of 800 dollars incurred by his not paying, and therefore it is not a property but only a debt.

BETTS, J. Your observations are seemingly made in order to convince me that he had no interest in it, and if he had no interest in it, he should not come here and tell his creditors that he had such an interest. In his schedule he says, "interest in half a lot of ground in Buffalo, which your petitioner intends to assign to the assignee." If he had said he had but a verbal contract, it might do; but what he tells is a very different thing. He does not speak of a deed, but of an interest of which he has a deed.

Counsel. Can the petition be amended, if the commissioners say there is no fraud in it?

BETTS, J. You may make a subsequent motion in relation to it, but at present I deny the motion for a decree.

Counsel. I would then move to amend the description, if it is deemed insufficient, without going through the process of two publications.

BETTS, J. There is a deeper difficulty still to be considered. It is questionable whether the court can allow the amendment.

At a subsequent day BETTS, District Judge, referred to the question as to the competency of the court to allow amendments.

He thought that the United States' courts, sitting in bankruptcy, had power to regulate and modify the proceedings, but the great difficulty would be to arrive at that point where the court could interfere. When does the court take cognizance of the matter? Not till the petition is presented and the order made. But whether, during the running of the first notice, the court could allow the petition to be varied does not arise here. Every power that the court can justly exercise over a suitor, it can exercise over a bankrupt. In this state, the court thought that the bankrupt might have the privilege of amending his schedule or inventory; but it was a privilege which would be granted with great caution. The court would not permit papers to be prepared loosely and carelessly, and then allow the petitioner to come in and ask for a remedy. The court must be satisfied that everything had been done in good faith, that the errors had occurred through inattention or inadvertence, that it was not an omission studied with a view to the privilege of amending. Proof must be exhibited to the court that it was an error of inadvertence. If there was any design, or symptom of it, the matter will be referred over. As a general rule, the court has power to authorize an amendment to the schedule, but only on very convincing proof that the error was unintentional; nor would it then be allowed, without payment of costs. In this case of Frisbee, the court said no amendments could be allowed, as that question had not been argued, nor was there any of that proof required before an amendment would be authorized. The court only relieved the bar from the difficulty as to the power of the court to allow amendments, but they would not be allowed on a bare motion, or on the statement of counsel.